UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH RUSHING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Cause No. 1:13-cv-979-WTL-MJD |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS**

This cause is before the Court on the Petitioner Joseph Rushing's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Dkt. No. 1). Rushing's petition is fully briefed, and the Court, being duly advised, **DENIES** the petition for the reasons set forth below. In addition, the court finds that a certificate of appealability should not issue.

**I.     BACKGROUND**

On October 18, 2005, a jury found Rushing guilty of child molesting as a Class A felony. The evidence supporting his conviction was summarized by the Indiana Court of Appeals:

> On the afternoon of July 2, 2004, R.M. ("Mother") went to Rushing's house with her boyfriend, Derek Rushing ("Derek"), her two daughters, L.B. and A.B., and her young cousin. Mother, Derek and Rushing consumed beers and smoked marijuana while the children were playing. In Rushing's house there were three bedrooms in a row on the ground floor. The children fell asleep in the middle bedroom. Rushing then led Mother and Derek to his bedroom at the back of the house for them to sleep there for the night.
>
> After Rushing left the back bedroom, Mother sat on the bed for a moment. She then went to check on the girls, who were still sleeping in the middle bedroom. L.B. was no longer in the middle room, so Mother went to look for her. She found L.B. on the floor in the room where Rushing was supposed to be sleeping with her

---

[1] Rushing is currently confined in the Pendleton Correctional Facility in Pendleton, Indiana.

>legs spread apart and Rushing's head in her crotch. Mother testified she heard "licking sounds" and saw Rushing's tongue touch L.B.'s vagina.

*Rushing v. State*, No. 27A02-0602-CR-75, 2 (Ind. Ct. App. Sept. 6, 2006). The trial court sentenced Rushing to fifty years' imprisonment.

In his direct appeal, Rushing argued that there was insufficient evidence presented at trial to support his conviction. Specifically, Rushing maintained that "Mother's testimony was inherently implausible because the acts she described could not have been performed in a matter of seconds, as she had testified," and "because she testified she had consumed alcohol and smoked marijuana on the night in question." *Id.* at 4. The Indiana Court of Appeals quickly rejected Rushing's arguments, however, and concluded that "[t]he evidence presented was not so incredibly dubious or inherently improbable that no reasonable person could believe it." *Id.* As such, the court affirmed Rushing's conviction.

Thereafter, on March 27, 2007, Rushing filed a petition for post-conviction relief arguing that he received ineffective assistance of counsel during his direct appeal. Specifically, he argued that "appellate counsel was ineffective in submitting the issue of insufficient evidence on direct appeal because it is clear that Rushing never committed the act of penetration to be convicted of a class A felony." *Rushing v. State*, 980 N.E.2d 450, *1 (Ind. Ct. App. 2012) (unpublished opinion) (quotations omitted). In this regard, Rushing argued that, in other to sustain a conviction for child molesting as a Class A felony, the State was required to prove that he committed the act of penetration. Both the trial court and the Indiana Court of Appeals, however, notified Rushing of his misunderstanding of the statute—that is, at the time Rushing committed the crime, "child molesting as a Class A felony [could] be proven by either sexual intercourse or acts of deviate sexual conduct." *Id.* at *3. Deviate sexual conduct was further defined as "an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the

sex organ or anus of a person by an object." *Id.* at *4 (quoting Ind. Code § 35-41-1-9). Because Rushing did not challenge the fact that he committed child molesting as a Class A felony via deviate sexual conduct, both the trial court and the Indiana Court of Appeals rejected his ineffective assistance of counsel argument and affirmed his conviction. The Indiana Supreme Court denied transfer. *Rushing v. State*, 987 N.E.2d 521 (Ind. 2013).

With his state appeals exhausted, Rushing now seeks to contest his conviction under 28 U.S.C. § 2254.

## II.   STANDARD

A federal court may issue a writ of habeas corpus for a person in state custody if it finds the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, "a federal court may grant habeas relief only if the state court's adjudication of the petitioner's constitutional claims was based on unreasonable fact-finding or was contrary to, or involved an unreasonable application of, clearly established federal law." *Starkweather v. Smith*, 574 F.3d 399, 402 (7th Cir. 2009) (citing 28 U.S.C. § 2254(d)).

## III.   DISCUSSION

Rushing argues that he is being held in violation of federal law because he received ineffective assistance of appellate counsel. As he did during his post-conviction proceedings, Rushing maintains that appellate counsel

> raised a single issue of insufficient evidence based on the testimony given by the victim's mother . . . If counsel would have [done] his research and investigation [and] talked with defendant prior to raising the sole issue of insufficient evidence, counsel would have discovered that the issue of insufficient evidence would and could have been based on defendant being convicted upon a crime that did not occur, that being a class A felony. Although a touching is sufficient to support child molesting as a class C felony, evidence of a touching without more does not

3

>support a conviction for child molesting as a class A felony, which requires penetration of the female sex organ.

Rushing's Pet. at 5. Thus, it appears Rushing's misunderstanding of the statute continues. Regardless, the State argues that the Indiana courts' "adjudication that Petitioner was not denied the effective representation of appellate counsel was a reasonable application of clearly established federal law,"—in other words, the Court properly applied *Strickland v. Washington*, 466 U.S. 668 (1984). State's Resp. at 5, Dkt. No. 12. Accordingly, this Court should defer to the State court's ruling on the matter. The Court agrees, and once again notifies Rushing that his understanding of the relevant statute is incorrect.

Notwithstanding the foregoing, to prevail on a claim of ineffective assistance of appellate counsel, the petitioner must show that appellate counsel's performance was "unreasonably deficient" and that this inadequacy resulted in prejudice. *Howard v. Gramley,* 225 F.3d 784, 790 (7th Cir. 2000). On the deficiency prong, the petitioner must show that counsel failed to present a significant and obvious issue on appeal. *See Smith v. Robbins,* 528 U.S. 259, 288 (2000). Counsel, however, "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id*. Where appellate counsel has presented some arguments on appeal but not others, it will be difficult to demonstrate that counsel was incompetent. *See id.* As to the prejudice prong, the petitioner must show "there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the . . . trial court would have been otherwise modified on appeal." *Howard,* 225 F.3d at 789-90.

On federal habeas review, however,

>[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the

> analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." . . . A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (citation omitted) (emphasis in original).

In this case, after the appellate court noted the proper standard for evaluating ineffective assistance of appellate counsel claims, it focused its analysis on the deficiency prong of the *Strickland* analysis. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). It concluded that because child molesting as a Class A felony can be proven by acts of deviate sexual conduct (e.g., oral sex), and because Rushing did not contest his conviction on that basis, Rushing failed to demonstrate that his (mistaken) argument (i.e., that appellate counsel failed to address the lack of penetration) "was significant and obvious from the face of the record or that the unraised issue was clearly stronger than the raised issue." *Rushing*, 980 N.E.2d at *4. Therefore, the court determined that Rushing failed to establish that appellate counsel's performance was deficient, and Rushing did not suffer ineffective assistance of counsel.

The Court does not find that the appellate court's decision was based on unreasonable fact-finding or was contrary to, or involved an unreasonable application of clearly established federal law. Rather, the Indiana Court of Appeals reasonably applied the *Strickland* standard and rightfully noted that Rushing's understanding of the law was incorrect. Accordingly, the Court will defer to the holding of the Indiana Court of Appeals on Rushing's claim.

The Court also notes that Rushing argues (for the first time) in his reply brief that "[a]ppellate counsel was [also] ineffective for not raising the issue that there was no physical

5

[evidence] such as DNA or medical evidence presented at trial that Rushing had contact of any kind with L.B.['s] or A.B.'s sex organs." Rushing's Reply at 4. Thus, according to Rushing, "there was not enough evidence to convict him of a class A felony." *Id.* To the extent Rushing seeks to add this claim to his petition, the claim is procedurally defaulted as he failed to give the Indiana courts a full and fair opportunity to review the claim.

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. . . .
>
> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (citations omitted).

Case law is clear that "state remedies must be exhausted except in unusual circumstances." *Rose v. Lundy*, 455 U.S. 509, 516 (1982). This is not one of those unusual circumstances. Rushing was more than capable of making this argument during his post-conviction proceedings. Accordingly, the Court will not consider the merits of this new specification of ineffective assistance of appellate counsel.

## IV. CONCLUSION

For the foregoing reasons, Rushing's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Rushing has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim

of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **DENIES** a certificate of appealability.

    SO ORDERED: 11/18/2013

*William T Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy to:**

    **Joseph Rushing**
    **895997**
    **Pendleton Correction Facility**
    **Inmate Mail/Parcels**
    **4490 West Reformatory Road**
    **Pendleton, IN 46064**

Copies to all counsel of record via electronic communication.